STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v.
WILLIAM D. KENNEDY, DEFENDANT-RESPONDENT.

Argued September 25, 1972—Decided October 24, 1972.

*Mr. Mario A. Iavicoli,* Assistant Prosecutor, argued the cause for appellant (*Mr. Charles A. Cohen,* Assistant Prosecutor, on the brief; *Mr. A. Donald Bigley,* Camden County Prosecutor, attorney).

*Mr. Michael J. Piarulli* argued the cause for respondent (*Messrs. Piarulli and Vittori,* attorenys).

PER CURIAM. Defendants William D. Kennedy and Marilyn Wolf were convicted of embezzlement in violation of *N. J. S. A.* 2A:102–5 and of conspiracy to embezzle. He alone appealed. The Appellate Division reversed his convictions in an unreported opinion. We granted the State's petition for certification. 59 *N. J.* 294 (1971).

The victim was Mrs. Mary Buzby, age 99, who lived alone. Kennedy met her in connection with some real estate transaction. Kennedy obtained a power of attorney purportedly signed by Mrs. Buzby and notarized by the codefendant,

Wolf, authorizing Kennedy to draw upon a savings account and a checking account, both in the Camden Trust Company. The power of attorney was dated January 22, 1968. The balance in the savings account was $29,179.30 and the balance in the checking account was $1,708.59. By February 5, 1969 the following had occurred: Kennedy withdrew all but $18.91 from the savings account, which withdrawals he deposited in the checking account, and by 12 checks to his own order, Kennedy withdrew $24,150, and by 27 checks he transferred $5,475 to his codefendant. Other checks totalling $1,441.30 were apparently issued for the benefit of Mrs. Buzby. The balance in the checking account as of February 5, 1969 was $23.26. During that period Kennedy deposited more than $27,000 in a joint account with his wife. It is plain that Kennedy appropriated these moneys to his own use.

Mrs. Buzby denied she signed the power of attorney and testified she had no transaction whatever with Kennedy involving a transfer or gift of her money to him. Neither Kennedy nor his codefendant took the stand.

The State having received an expert opinion that the signature on the power of attorney was Mrs. Buzby's, it prosecuted the defendants on alternative theories of larceny or embezzlement, and conspiracies to commit those crimes. The trial court carefully instructed the jury with respect to the pivotal question as to whether the substantive crime, if there was one, was larceny or embezzlement. The jury was told that this pivotal question turned upon whether Mrs. Buzby signed the power of attorney and did so competently, and that if she did, the larceny charges would fall away, and the jury would then concern itself with the embezzlement charges. The jury was then instructed as to the ingredients of the crimes of larceny and embezzlement, to be applied after the jury resolved the pivotal question we just mentioned.

■ The jury found the defendant guilty of embezzlement and consipracy to embezzle, thus concluding that Mrs. Buzby had executed the power of attorney but that defendant fraudulently misappropriated the moneys he withdrew from the bank under the cover of the power of attorney. The evidence readily warranted that finding. Indeed it was inescapable.

In reversing, the Appellate Division held (1) the trial court should have ordered a judgment for defendant on the embezzlement charges, and (2) in any event the charge to the jury was erroneous.

■ The power of attorney was the bank's printed form. It contained the following:

"I hereby authorize CAMDEN TRUST COMPANY to honor, receive, or pay all such instruments signed in accordance with the foregoing authority even though drawn or indorsed to the order of said attorney, or tendered by him for cashing, or delivered, or used, in payment of the individual obligation of such attorney, or for deposit to his personal account, and said bank shall not be required to inquire as to the circumstances of the issuance, or use, of any instrument signed in accordance with the foregoing authority, or the application, or disposition of such instrument, or the proceeds thereof."

The Appellate Division read that provision to foreclose a charge of embezzlement. But a power of attorney of course is not an instrument of gift. In itself, it is no more than the term, power of attorney, imports — an authorization to the attorney to act for the principal. Although as between the bank and the principal, the bank was relieved by the quoted provision of a duty to inquire as to whether any withdrawal was in the agent's interest rather than the principal's, the instrument did not authorize the agent to make off with the principal's money. In short, the instrument was the means whereby the agent was able to get his hands on the moneys, but when the moneys were thus obtained, the agent received them as agent for the principal, and the fraudulent appropriation of the moneys thus obtained to his own use constituted embezzlement. In other

words, it is no defense to embezzlement that the moneys reached the agent with the consent of the principal. On the contrary, such entrusting is the necessary setting for the crime. Whether Kennedy obtained the moneys from the bank accounts with the authority of Mrs. Buzby related only to the question whether the crime, if there was a crime, constituted larceny or embezzlement. But it is no defense to embezzlement that the victim trusted the culprit. The trial court correctly sent the case to the jury.

Nor do we find error in the instructions to the jury. The trial court instructed the jury that legally the power of attorney did not, without more, authorize Kennedy to appropriate Mrs. Buzby's moneys to Kennedy's own use, adding that it was for the jury to say from all the circumstances whether Kennedy had more authority than the instrument itself would give. That construction of the instrument cannot be questioned. Nor do we doubt the propriety of a binding instruction as to legal effect of the instrument itself. Defendant was not entitled to have a jury decide whether in law the writing did or did not accomplish a gift.

It should be pointed out that the trial court did not say that if Kennedy in good faith misunderstood the legal effect of the power of attorney, he would be guilty of embezzlement. There in fact was no evidence that he labored under such an extraordinary misapprehension, and it would have been sheer speculation for the jury to have assumed that Kennedy thought Mrs. Buzby intended to transfer the beneficial interest in her moneys to him. Nonetheless the charge did not bar the jury from concluding there was such a misunderstanding. Kennedy surely cannot complain that the jury was left free to speculate in that regard. If defendant's complaint is that the trial court should have stimulated that speculation on the court's initiative, we would find no merit in that criticism. The jury was plainly instructed that the State had to prove beyond a reasonable doubt that defendant appropriated to his own use moneys entrusted to him and that he did so intentionally and

fraudulently. The charge was adequate in the light of the record. The long and short of this case is that defendant's guilt was palpable in the absence of some extraordinary explanation which he alone could give, and he offered none.

We find no merit in the other points raised by defendant.

The judgment of the Appellate Division is reversed and the judgments of conviction are affirmed.

*For reversal*—Chief Justice WEINTRAUB, Justices JACOBS, PROCTOR, HALL and MOUNTAIN, and Judges CONFORD and SULLIVAN—7.

*For affirmance*—None.